**Case No. 16-4044**

RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT

2016 JUN 29  AM 11: 03

------------------------------

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

------------------------------

*Walter L. Wagner vs. Rafael Edward (Ted) Cruz*

------------------------------

APPEAL FROM THE UTAH DISTRICT COURT
The Honorable Jill N. Parrish, Judge
Utah No.  2:16cv00055

------------------------------

**APPELLANT'S REPLY BRIEF TO APPELLEE'S "*CORRECTED RESPONSE BRIEF*"**

------------------------------

No Oral Argument Requested

------------------------------

Walter L. Wagner, Appellant
PO Box 271233
Salt Lake City, UT 84127
808-443-6344
retlawdad@hotmail.com

<u>APPELLANT'S REPLY BRIEF TO APPELLEE'S "*CORRECTED RESPONSE BRIEF*"</u>

## (1)   <u>TABLE OF CONTENTS</u>

1.   TABLE OF CONTENTS ……………………………………………………………… 2

2.   TABLE OF AUTHORITIES ……………………………………………………….. 3

3.   RESTATEMENT OF CASE ……………………………………………………..….. 5

4.   REBUTTAL ARGUMENT …………………………………………………………… 6

    A.   CASE IS NOT MOOT ………………………………………………………… 6

    B.   THIS COURT HAS JURISDICTION ………………………………….……… 6

        i.   Wagner has Standing ……………………………………………… 6

        ii.   This Case is Ripe …………………………………………..…… 12

        iii.   This Court is the Proper Forum …………………………..……… 12

    C.   SENATOR CRUZ IS A *NATURAL BORN* CANADIAN …………….…… 14

5.   CONCLUSION ………………………………………………………………………. 18

6.   CERTIFICATE OF COMPLIANCE AND SERVICE ……………………….……….. 20

## (2)   TABLE OF AUTHORITIES

## CASES

*Associated General Contractors of California v.*
*Coalition for Economic Equity*,
950 F.2d 1401, 1406 (9th Cir. 1991)
cert. denied, 112 S. Ct. 1670 (1992) ……………………………………………………… 10

*Ex parte Levitt*,
302 U.S. 633, 634 (1937) …………………………………………………………………….. 10

*Keyes v. Sch. Dist. No. 1,*
119 F.3d 1437, 1443 (10th Cir. 1997) ………………………………………………….. 12

*Lindsay v. Bowen*,
750 F.3d 1060 (9th Cir. 2014) …………………………………………………..…………… 13

*Lujan v. Defenders of Wildlife*,
112 S. Ct. 2130, 2136 (1992) …………………………………………………………..……… 9

*National Environmental Policy Act (NEPA),*
42 U.S.C. 4331, *et seq*. …………………………………………………………………..……… 10

*Nelsen v. King County*,
895 F.2d 1248, 1250 (9th Cr. 1990),
cert. denied, 112 S. Ct. 875 (1992) …………………………………………………..…….. 11

*United Public Workers*, 330 U.S. at 89 …………………………………………………….. 10

*Warth v. Seldin*,
422 U.S. 490, 501 (1974) ………………………………………………………………………… 10

## STATUTES and CODES

22 Code of Federal Regulation (C.F.R.) 50.7 ………………………………………….…………. 15

## OTHER AUTHORITIES

*Black's Law Dictionary* ……………………………………………………………….…………..…………. 5

*Constitution as a Social Contract*, Idaho State Journal Politics,
   Rick Larsen, June 19, 2010 ……………………………………………………………..…..…… 7

4

## (3)   RESTATEMENT OF CASE

This is a matter of great import, not only for this 2016 election, but for the 2020 election and all future elections.   The U.S. Constitution specifies that a candidate for the U.S. Presidency or U.S. Vice-Presidency must be a *natural born* U.S. citizen.   Defendant/appellee Senator Cruz is a *natural born* Canadian who recently renounced his Canadian citizenship, and is a naturalized U.S. citizen by naturalization statute, not a *natural born* U.S. citizen.   He lived in Canada for his first four years before immigrating to Texas, living permanently in Canada with Canadian parents for four years, one of whom happened to also have U.S. citizenship from her prior U.S. residency.

Plaintiff/appellant Wagner, a *natural born* citizen of the U.S. and registered voter, has brought suit seeking a declaratory judgment that Cruz is a *natural born* Canadian, not a *natural born* U.S. citizen, and is therefore constitutionally ineligible to serve as U.S. President or Vice-President.

The above facts were detailed in the complaint and opening brief.   The following argument amplifies on the opening brief argument and rebuts Cruz' argument that he is to be considered as *natural born* in both countries.   Wagner asserts that one can be *natural born* in only one country, as per Black's Dictionary.

5

## (4)    REBUTTAL ARGUMENT

### A.    THIS CASE IS NOT MOOT

Defendant/appellee Cruz, in addition to remaining a contestant for the Republican nomination at the July convention (as well as a contestant for the vice-presidential nomination) is also remaining a contestant for the 2020 election, having just released the first 2020 presidential campaign ad, should the 'Dump Trump' movement fail.[1]   For the reasons set forth in the opposition to the motion to dismiss as moot, as well as due to his continuing campaigning for the 2020 presidential election, Cruz retains his claim to presidential eligibility and this case is clearly not moot.   Essentially, Cruz would have to proclaim himself ineligible due to his being a *natural born* Canadian before this issue would be moot.

### B.    THIS COURT HAS JURISDICTION

### i.    Wagner has Standing

*"The single most important influence that shaped the founding of the United States comes from JOHN LOCKE, a 17th century Englishman who redefined the nature of government. … In his SECOND TREATISE OF GOVERNMENT, Locke identified the basis of a legitimate government. According to Locke, a ruler gains authority through the consent of the governed. The duty of that government is to protect the natural rights of*

---

[1]    https://www.vice.com/read/oh-god-we-have-another-one-of-these-fucking-things-ahead

6

*the people, which Locke believed to include LIFE, LIBERTY, AND PROPERTY[2].
If the government should fail to protect these rights, its citizens would have
the right to overthrow that government. This idea deeply influenced
THOMAS JEFFERSON as he drafted the DECLARATION OF INDEPENDENCE."*[3]

The social contract theory of John Locke provided the philosophy and

source of governing authority for both the U.S. Constitution and the Declaration

of Independence.  Jefferson borrowed freely from Locke's phraseology.

John Locke laid out the social contract in the 5th paragraph of the chapter

entitled "*Of the Beginning of Political Societies*" in his "*Second Treatise on

Government*". There he states that the will of the majority is the only source of

authority for civil government. God is ignored.  Under the Lockean model the

people contract with one another to ordain a civil government.  God is not a party

to the contract:

*"The Preamble of the U.S. Constitution clearly adopts this model: 'We the
people of the United States ... do ordain this constitution for ourselves and
our posterity.' God is snubbed, and Article VI, Section 3 forbids requiring
an officeholder to swear allegiance to God."*[4]

*"Perhaps the best way to understand the role of the Constitution is in the
context of a contractual relationship between the government and the*

_____

[2] Rewritten by Thomas Jefferson as '*Life, Liberty and the Pursuit of Happiness'*.

[3] http://www.ushistory.org/gov/2.asp

[4]      http://www.articledashboard.com/Article/John-Locke-s-Enlightenment-
Influence-On-The-U-S-Constitution/1290974

*governed. This is validated by a Preamble to the Constitution that states:*

*'We the People of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defense, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America.'*

*We sometimes need to be reminded that the Constitution was not just an itemization of rights for citizens and limited governmental powers for that earliest generation of Americans, but that it was to 'secure the Blessings of Liberty to ourselves and our Posterity.' It was designed and intended to be no less of a contract between the people (collectively and individually) and our government today than any other contractual relationship. Strictly defined, and strictly applied, with assurances made to the contractual parties and recourse for violation of those terms. … The Constitution … is a social contract to assure and guarantee fundamental freedom and liberty for all generations of Americans. We need to be intimately familiar with it and hold those accountable who seek to subvert the freedoms of those who are intended to have ultimate power in this republic: We the People!"*[5]

Thus, under contract analysis, plaintiff/appellant Wagner, as a citizen of the

U.S., is a party to the social contract (U.S. Constitution) under which

defendant/appellee Cruz seeks employment in the administrative branch of the

government.  As a party to the contract, Wagner clearly has standing to bring suit

_____

[5] Rick Larsen, *Constitution as a Social Contract*, Idaho State Journal Politics, June 19, 2010; Award-winning columnist Rick Larsen of Pocatello is president of the brokerage firm Larsen Financial. He graduated from Idaho State University with degrees in history and political science.
http://www.pocatelloshops.com/new_blogs/politics/?p=6411

8

to enforce the terms of the contract. This might not be true for other persons in the territory of the U.S., for example aliens (legal and illegal), foreign ambassadors, visitors, et al. who are not citizens and parties to the social contract (though they appear to enjoy some third party beneficiary rights). In order to show Article III standing, most courts require a plaintiff to mention the following three things in the complaint: *Injury; Causation*; and *Addressability*.

Plaintiff/appellant Wagner clearly has standing, the legal right to initiate a lawsuit. To have standing, a person must be sufficiently affected by the matter at hand, and there must be a case or controversy that can be resolved by legal action. Under *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136 (1992), as noted above, there are three requirements for Article III standing: (1) injury in fact, which means an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, which means that the injury fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision, which means that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative. The party invoking

federal jurisdiction bears the burden of establishing each of these elements. *Id*.

In deciding whether a plaintiff has standing, a court must consider the allegations of fact contained in the plaintiff's declaration and other affidavits in support of his assertion of standing.  See *Warth v. Seldin*, 422 U.S. 490, 501 (1974) When addressing a motion to dismiss for lack of standing, both the district court and court of appeals must accept as true all material allegations of the complaint and construe in favor of the party claiming standing.  *Warth*, 422 U.S. at 501

Standing is founded "*in concern about the proper--and properly limited-- role of the courts in a democratic society.*"  *Warth*, 422 U.S. at 498.  When an individual seeks to avail himself of the federal courts to determine the validity of a legislative action, he must show that he "*is immediately in danger of sustaining a direct injury.*" *Ex parte Levitt*, 302 U.S. 633, 634 (1937).  This requirement is necessary to ensure that "*federal courts reserve their judicial power for `concrete legal issues, presented in actual cases, not abstractions.*'"[6]   One who seeks injunctive or declaratory relief "*must show a very significant possibility' of future*

---

[6] *Associated General Contractors of California v. Coalition for Economic Equity*, 950 F.2d 1401, 1406 (9th Cir. 1991) (quoting *United Public Workers*, 330 U.S. at 89), cert. denied, 112 S. Ct. 1670 (1992). *National Environmental Policy Act (NEPA),* 42 U.S.C. 4331, et seq.

*harm in order to have standing to bring suit." Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cr. 1990), cert. denied, 112 S. Ct. 875 (1992).

In the instant matter, Wagner clearly stated in the complaint that he is a U.S. citizen and hence is a party to the social contract. He clearly stated that Cruz is seeking to violate (breach) the social contract by seeking a position for which he is not eligible, which is both the injury and the causation. And he clearly stated that the court is empowered to issue declaratory relief, which would adequately address the issue by precluding Cruz from seeking the presidential nomination in the July convention, November election, or 2020 election cycle.

Further, Wagner has shown a '*very significant possibility of future harm'* in accordance with *Nelsen*, supra, showing that Cruz significantly remains as a potential presidential nominee both for the Republican convention (either as presidential nominee or vice-presidential nominee, as well as for the November election (should the convention nominees be other than Cruz, and then become incapacitated thereafter), as well as for the 2020 election cycle. Wagner is not required to detail each and every harm that could befall him should an ineligible candidate be allowed to compete in the election, or each and every harm that could befall him should the elected president be actually ineligible but sworn in.

It suffices to show that Cruz is ineligible as a *natural born* Canadian and not a *natural born* U.S. citizen, which is a major breach of the social contract under which Wagner is operating, and in and of itself demonstrates harm and causation.

Accordingly, under contract analysis, Wagner clearly has established the requisite elements of standing.  Essentially, the only remaining issue is whether or not Cruz is a *natural born* Canadian, or a *natural born* U.S. citizen and hence eligible to the U.S. presidency as he claims.

ii.    This Case is Ripe

The appeal is ripe.  The controversy actually exists now, as Cruz presently contends he is eligible for the office of president or vice-president, both at all stages of this 2016 election cycle, as well as the 2020 election cycle.  He presently is seeking such, skewing all party results and leaving plaintiff/appellant Wagner with skewed candidate outcomes.  Further, the evidence of his ineligible status is "*presented in clean-cut and concrete form*."[7]

iii.    This Court is the Proper Forum

Defendant/appellee Cruz absurdly asserts:

"*If a court were to sit in judgment of a candidate's qualifications before the nation has voted, and before the Electoral College has cast its votes,*

---

[7] *Keyes v. Sch. Dist. No. 1,* Denver, 119 F.3d 1437, 1443 (10th Cir. 1997)

> *such a judgment could inappropriately interfere with the Electoral College's*
> *constitutional authority to elect the President and to evaluate the*
> *qualifications of the candidates seeking that office."*[8]

He further asserts that if this court were to do its job and enter its finding

that he is a *natural born* Canadian, not a *natural born* U.S. citizen, that such would

"*create turmoil*" and that instead this Court is powerless to make such

determination and that the question of his *native born* Canadian status can be

committed only to "*the Electoral College and to the U.S. Congress*".[9]  He finally

asserts in direct contradiction to Wagner's opening brief's exposition that

> "*because the Constitution commits the question of whether a*
> *candidate meets the qualifications of the Natural Born Citizen Clause*
> *to the U.S. Congress, federal and state courts—as well as all other*
> *federal and state authorities—are barred from deciding the*
> *question."*[10]

However, as more fully explained in the opening brief, nowhere in the

Constitution is the authority to decide whether he is 35 years of age, or a *natural*

*born* Canadian, reserved exclusively to the Congress or the "Electoral College".

Rather, these are <u>neutral requirements</u> readily amenable to judicial review.[11]

_____

[8] Page 16 of the *Corrected Response Brief*.

[9] Page 18-19 of the *Corrected Response Brief*.

[10] Page 22 of the *Corrected Response Brief*.

[11] *Lindsay v. Bowen*, 750 F.3d 1060 (9th Cir. 2014)

C.    SENATOR CRUZ IS A *NATURAL BORN* CANADIAN

It is patently obvious that defendant/appellee Cruz is a *natural born* Canadian. This is an undisputed fact.[12] The question is, can he also be a *natural born* U.S. citizen to comply with the social contractual requirement that he be such? Appellee Cruz asserts as such in the affirmative. The great weight of authority, and all U.S. Supreme Court and Appellate Court cases cited by Wagner in his opening brief assert to the negative.

In Cruz' *Corrected Response Brief* he presents an argument from incredulity:

"*It is inconceivable that the Framers intended to exclude a U.S. citizen at birth from holding the office of President, simply because of where he or she happened to be born. After all, that individual is not a 'foreigner'—but rather, a U.S. citizen from birth. Indeed, it is particularly unlikely that Jay himself would have held such a view, considering that, when he wrote this letter to Washington, he was serving abroad as the Secretary of Foreign Affairs and had already fathered three children abroad. Surely Jay did not believe his own children were 'foreigners' who were constitutionally ineligible to hold the office of President.*"[13]

However, Cruz overlooks the fact that persons born in such circumstances today are not considered 'foreigners' when the parents are employed by the U.S.

---

[12] This is further evidenced by the fact that he recently renounced such god-given *natural born* citizenship, as detailed in the complaint and opening brief.

[13] *Corrected Response Brief*, pages 27-28

government, as was John Jay back then.  Children born abroad to Ambassadors, Consuls, U.S. Military, et al., all in the employ of the U.S. government, are considered as *natural born* U.S. citizens from birth under existing statutory law as the parents are only <u>temporarily</u> abroad.  This makes sense.  They are being raised as U.S. citizens by U.S. citizen parents who are temporarily away.  Likewise, U.S. citizen parents travelling abroad temporarily who give birth to children while travelling abroad may register their child as a U.S. citizen, rather than as a citizen of the country where born (Cruz was born as a Canadian and not registered as a U.S. citizen).  Indeed, there exists a *Consular Report of Birth Abroad*, Form FS-240[14] allowing one to obtain such status from birth.

The circumstances of John Jay's children born abroad are not the facts of this case.  His children were born abroad while he was in the employ of the U.S. government and were natural born as they were under the umbrella of the U.S. government at birth, raised as U.S. citizens by citizen parents.  Not so with Cruz.

Cruz was not born of U.S. citizens 'temporarily residing abroad' or in the employ of the U.S. government.  If he were, Wagner would not have brought this suit.  Cruz is merely grasping at straws.

_____

[14] See, for example, 22 C.F.R. 50.7 allowing for cancellation of such for fraud, etc.

Rather, the uncontested facts show that his father renounced his Cuban citizenship and obtained Canadian residency[15], Canadian voter registration, and Canadian citizenship while living in Canada for many years; and his mother obtained Canadian residency and Canadian voter registration while living in Canada for many years.  She further gave birth to defendant/appellee Cruz in Canada 3 years after immigrating to Canada to live as a Canadian, and there is no evidence whatsoever of any effort to register Cruz for U.S. citizenship due to the mother living 'temporarily abroad', either by a Form FS-240 or its equivalent.

Accordingly, the facts of this case do not fit Cruz' hypothetical argument from incredulity involving either John Jay, a U.S. government employee, or other such arguments of incredulity involving Senator McCain (who was born on U.S. territory to U.S. citizens who were in military service to the U.S.), or others. George Romney was not eligible (as he was born and raised for several years in

_____

[15] Cuba apparently did not allow dual-citizenship, as improperly asserted in the opening brief, and his obtaining Canadian citizenship required his loss of Cuban citizenship.  When defendant/appellee Cruz was 3 years of age, the father left the family in Canada and entered the U.S. where he resided in Texas as an alien. Thereafter, about one year later when Cruz was age four, he returned to Canada, secured anew his relationship with his estranged wife and son, and brought his U.S./Canadian wife and son to Texas, where he could then legally reside as married to a U.S. citizen.

Mexico to parents not in service to the U.S. government), but he did not actually run for president, after preliminarily announcing a candidacy then dropping out before the first primaries.

Clearly, the Framers did mean to exclude persons such as Cruz by making it a constitutional requirement that the offices of President and Vice-President be reserved exclusively for those U.S. citizens who were also "*natural born*", which at the time was well-defined as explained in Wagner's opening brief. Citizenship obtained through naturalization statutes, such as enjoyed by Cruz, does not convert his *natural born* Canadian status to a *natural born* U.S. citizen status. It simply grants him naturalization citizenship.

The Congress has in the last century expanded the right of U.S. citizenship to persons such as Cruz who, if he/she were born abroad of at least one U.S. parent, obtains U.S. citizenship.[16] The Congress has no authority to unilaterally override the requirements of the U.S. Constitution. Such has to be done by Constitutional amendment, not by Congressional legislation, as is a long and well-

---

[16]   One should argue that Cruz' mother still retained her U.S. citizenship, notwithstanding her participation in Canadian voter processes, long-term residency in Canada, and marriage to a Canadian citizen, unless she renounced same along the lines of Cruz' renouncement of his *natural born* Canadian citizenship. Wagner has no such evidence of her renouncing her U.S. citizenship.

established precedent.  The Congress cannot legislate different age-requirements for their own membership, different residency requirements for their own membership, or the other terms that are explicit in the Constitution as to their membership requirements, or presidential/vice-presidential requirements.  They may only seek a Constitutional Amendment to make such types of changes to the explicit terms of the Constitution, including the changes to the requirement for the offices of President and Vice-President, which would also require a Constitutional Amendment to allow those who are not *natural born* U.S. citizens to serve in the office of President or Vice-President.  By expanding the scope of U.S. citizenship to all those born of a U.S. citizen anywhere in the world, through congressional legislation, they did <u>not</u> re-define the meaning of the term "*natural born*".    Expanding the scope of U.S. naturalization laws by Congressional legislation does not re-define the meaning of the "*natural born*" requirement of the U.S. Constitution, as is incorrectly argued by Cruz.

(5)    <u>CONCLUSION</u>

Cruz remains in contention should the 'Dump Trump' movement succeed, or in contention for the Vice-Presidential nomination, or in contention should the Republican nominee become disabled/deceased prior to the November election, or in contention for the 2020 election and beyond.  Accordingly, this is not moot.

Cruz is clearly a *natural born* Canadian.  One cannot be *natural born* in more than one country by the definition of *natural born*.  Cruz' efforts to show that he is also a *natural born* U.S. citizen is just so much hand-waving, and not supported by the facts, that show he was born and raised in Canada by Canadian parents.  At the age of four Cruz then immigrated to this country, with a Canadian citizen father and dual-citizen mother raising him in Texas.  This is the very definition of foreign born, not *natural born* (with respect to the U.S., though the very definition of *natural born* with respect to Canada).

This Court is fully empowered to adjudicate this neutral candidacy qualification.  Nothing in the Constitution requires such neutral candidacy qualification to be determined solely by Congress or the "Electoral College", which would be a wholly inappropriate avenue to wait until after an election of an ineligible candidate, rather than deciding Cruz' eligibility prior to an election.

DATED:      June 27, 2016


_____
Walter L. Wagner

## (6)    CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this reply brief complies with the type-volume limitation of Fed.

R. App. P. 32(a)(7)(B) because this brief contains 15 pages of the body and 3,615

words, including the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii),

the cover page, the Table of Contents, Table of Authorities, and this Certificate of

Compliance, as determined by the word-count tool of the iMac computer on

which it was prepared.

I certify that this reply brief complies with the typeface requirements of Fed.

R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)

because this brief has been prepared in a proportionally spaced typeface using

Calibri, 14 point type with some usage of italic, with case names italicized as well.

I certify that I served the foregoing reply brief including these certifications

to respondent Cruz by mailing same to his Utah counsel of record, Michael T.

Worley, 1526 Moon River Drive No. 8, Provo, UT 84604, concurrently with the

mailing of this petition to this Court.

June 27, 2016


Walter L. Wagner



**PRIORITY**®

**UNITED STATES POSTAL SERVICE.**    *Retail*

**P**    US POSTAGE PAID
**$6.45**

Origin: 84199
Destination: 80257
2 Lb 0.60 Oz
Jun 27, 16
4976050007-04        1006

**PRIORITY MAIL** ®**2-Day**

Expected Delivery Day: 06/29/2016

**USPS TRACKING NUMBER**



9505 5100 2086 6179 0029 45



P S 00001000014    EP14F July 2013
OD: 12.5 x 9.5

**FROM:**

**PRIORITY**®
★ **M A I L** ★


VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Wagner
Box 271833
SLC UT 84127

TO: 10TH CIR. CT.
1823 STOUT ST.
DENVER, CO 80257

Label 228, July 2013        FOR DOMESTIC AND INTERNATIONAL USE

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE



This envelope is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013. All rights reserved.